## Thompson v. Denny, State Banking Commissioner, et al.

(Decided February 3, 1931.)

WHEELER & HUGHES for appellant.

J. W. CAMMACK, Attorney General, and M. B. HOLIFIED, Assistant Attorney General, for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE LOGAN—
Affirming.

The Hickman Bank & Trust Company went into liquidation, and Ed Gardner was appointed special banking commissioner to wind up its affairs. He at the time was president of the First National Bank of Mayfield. When the Hickman Bank & Trust Company closed its doors, it was indebted to the First National Bank of Mayfield in the sum of $25,000, evidenced by its promissory note, which was secured by notes of the Hickman Bank & Trust Company which had been executed to it by its customers in the sum of $41,000, which notes were attached to the $25,000 note as collateral.

John M. Thompson, was sheriff of Fulton county at the time the Hickman Bank & Trust Company ceased to do business, and he carried a large deposit with that bank, and after some litigation, he was declared to have a prior claim for a sum aggregating several thousand dollars. His claim had been adjudged a priority in the distribution of the assets of the insolvent bank. An appeal had been taken to the Court of Appeals from the judgment of the court allowing him a priority, and no supersedeas bond had been executed. He appeared in the Fulton circuit court and made objection to the report of Ed Gardner, special banking commissioner, and, in addition to his exceptions, he made motions for affirmative relief. All of the matters embraced in his motions and exceptions were either disposed of by the chancellor favorably to him, or it has become unnecessary for this court to pass upon any of them with one exception. A brief statement is necessary to a clear understanding of the question that is before the court. When the Hickman Bank & Trust Company closed, it had in its vaults a little more than $25,000 in cash. Ed Gardner, special banking commissioner took $25,000 of the cash and paid the note held by the First National Bank of Mayfield, the bank of which he was president. One of the motions entered by Thompson in the circuit court was that Gardner as special banking commissioner be required to return to the Hickman Bank & Trust Company the $25,-

000 which he had used to pay the note to the First National Bank of Mayfield.

Gardner admitted the payment of the $25,000 note held by the First National Bank of Mayfield, and gave as his reason for so doing that the interest rate that the Hickman Bank & Trust Company was paying on the note was very high, and that, in his judgment, it was for the best interest of the Hickman Bank & Trust Company to pay that debt with the funds available. He gave as a further reason for his action that the bank at Mayfield was holding notes as collateral belonging to the Hickman Bank & Trust Company aggregating $41,000, and that they were all notes that were collectible. It was stated by Gardner in his response to the motion that the Hickman Bank & Trust Company could collect these notes much more readily, and at much less expense, than could the bank of Mayfield, located in another county.

Thompson had no reason to insist on the replacing of the $25,000 in the assets of the Hickman Bank & Trust Company other than that he had been adjudged a priority in the distribution of the assets of that bank. He did not show that the collection of his judgment would be endangered if the money was not returned, and the fact that he had been adjudged a priority did not mean that he was entitled to have his claim paid upon demand. He had asked that an order be entered directing the payment of his claim, but there was nothing in his motion to indicate that his claim could not be paid out of the available cash then in the hands of the special banking commissioner. Gardner had stated, in his response, that he had collected $18,000 of the $41,000 represented by collateral notes which he had taken up when he paid the $25,000 note, and he expressed a readiness to have the Mayfield Bank pay the difference between $18,000 and $25,000 if the court should so instruct him.

The phase of this litigation has changed materially since it was commenced, but the question yet remains for determination whether Gardner, the president of the First National Bank of Mayfield, and Gardner, special banking commissioner to wind up the affairs of the Hickman Bank & Trust Company, could, by legitimate arrangements, satisfy the $25,000 note by paying it out of the available funds of the insolvent bank.

Such transactions must always be carefully scanned by courts, Gardner was interested in the First National Bank at Mayfield, and therefore, in case the transaction should be questioned, the burden was on him to show

that it was free from any effort or intention on the part of Gardner, as special banking commissioner, to favor the First National Bank of Mayfield over other creditors similarly situated. He frankly stated the facts, which were not disputed by Thompson. The fact is that Thompson, in his motion, did not describe the transaction with accuracy, but Gardner, in his response, furnished the facts which have been stated above. We find nothing in the transaction which would indicate that it was not for the best interest of the creditors of the Hickman Bank & Trust Company to have the $25,000 note paid at the time. When the action of Gardner in making this payment is reported, it may be questioned by exceptions by any interested party. Gardner should ·be held to a strict accountability, so far as this transaction is concerned, and, if there should be any loss by reason of his paying this $25,000, in view of his interest in the First National Bank of Mayfield, he should be made to account fully for the $25,000 if it should eventually turn out that the other creditors have sustained a loss by reason of his thus using the money of the Hickman Bank & Trust Company.

We find nothing in the record which indicates bad faith on the part of Gardner in this transaction, and we perceive no reason why the judgment of the lower court should be disturbed.

Judgment affirmed.

Whole court sitting.